FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 10 2009 ★

BROOKLYN OFFICE

THE LAW FIRM OF JEFFREY S. DWECK, P.C.
Jeffrey S. Dweck, Esq. (JD-6658)
100 West 33rd Street – Suite 1017
New York, New York 10001
212-502-6150

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENSON MILLS CO., INC.,<br><br>        Plaintiff,<br><br>-against-<br><br>BRODER MFG. INC. and MARTIN BRODER,<br><br>        Defendants. | CV 09 533<br><br>Case No. 09 CIV _____<br><br>(_____, J.)<br><br>COMPLAINT GLASSER, J.<br><br>MANN, M.J. |

Plaintiff, by its attorneys, for its Complaint against the defendants, alleges:

**JURISDICTION AND VENUE**

1. This cause of action for copyright infringement arises under the Copyright Laws of the United States, 17 U.S.C. § 101, et. seq.

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, as this is an action arising under the laws of the United States relating to copyrights.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), as this is the district where all defendants reside, and in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Plaintiff Benson Mills Co., Inc. (hereinafter "Plaintiff" or "Benson") is a corporation organized under the laws of the State of New York, with an office and place of business at 140 58th Street, Building A, Unit 7J, Brooklyn, New York 11220.

5. Upon information and belief, defendant Broder Mfg., Inc. is a New York corporation having a place of business at 566 Johnson Avenue, Brooklyn, New York 11237 and/or at 310 Madison Avenue, Suite 1513, New York, New York 10017. Upon information and belief defendant Martin Broder resides and/or works within the County of Kings, State of New York (defendants hereinafter collectively referred to as "Broder").

6. Plaintiff has been for years, and continues to be, a well-known and well-regarded manufacturer, designer, and wholesaler in the linens business.

7. In or about 2003, Benson created, acquired, and/or authored (itself or as a work made for hire) the unique and proprietary graphic design it refers to as "Holiday Fruit."

Such designs, with all of the copyrightable elements thereof (together, the "Copyright"), were first published by Benson in or about 2003. Plaintiff has used the design on its linens products and additionally used the designs on catalogs and otherwise in the conduct of its business.

A copy of the Copyright design is set forth herein as Figure 1.



**Figure 1:
Benson's Holiday Fruit Design**

8. Benson is the owner of all rights, title, and interest in and to the Copyright throughout the United States.

9. The Copyright is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. § 101, et. seq.

10. On or about October 27, 2004, Benson received United States Copyright Certificates of Registration Nos. VAu 642-077 for the Copyright. These registrations are valid and fully subsisting and are annexed hereto as Exhibit A.

**The Defendants' Infringement**

11. Upon information and belief, the defendants are in the business of, among other things, producing, distributing, offering for sale and selling linens and related merchandise, nationwide.

12. Upon information and belief, defendants, having full knowledge of the copyright rights of plaintiff as alleged herein, has infringed plaintiff's copyright by manufacturing or having manufactured for it, printing or having printed for it, reprinting or having reprinted for it, publishing, displaying, vending, distributing, selling, promoting and/or advertising linens/tablecloths which utilize therein. All of the activities of the defendants are in violation of the rights of plaintiff under 17 U.S.C. Sec. 101 et. seq.

13. Such conduct by the defendants is without the permission, license or consent of the plaintiff and will continue to cause irreparable injury unless enjoined by the Court, since plaintiff lacks an adequate remedy at law.

14. On information and belief, the defendants had and have access to Benson's Copyrights as a result of Benson's open use, display, and sales of goods that comprise or incorporate the Copyrights.

15. On information and belief, Defendants knowingly, willfully and intentionally infringed on Benson's Copyrights by copying and distributing linens/tablecloths bearing the Copyrights in violation of 17 U.S.C. § 502 *et seq*.

16. In or about October, 2004, the defendant had infringed the Copyright and the plaintiff sent a "cease-and-desist" letter to the defendant Broder.

17. A sample of the defendant's 2004 product appears as Figure 2:



**Figure 2:
Broder 2004 Tablecloth**

18. On or about November 2004, defendant responded as follows (re-typed):

> BRODER MANUFACTURING, INC.
> 566 Johnson Avenue
> Brooklyn, NY 11237
> Tel #718-366-1667
> Fax# 718-386-9671
>
> To: Benson Sales
> From: Broder Manufacturing Inc.
>
> Dear Keith Levy,
>
> I have received your copyright letter, informing me of the two (2)Christmas patterns in question. You have stated that these are your designs exclusively with a copyright to them.
>
> Please forward to me a validated form "VA" so that I can discuss this matter with my mill in China. I will inform you as to their position regarding this matter.
>
> We have had a long and friendly relationship and wish to work this matter out to our mutual satisfaction.
>
> Sincerely,
>
> Martin Broder

19. The plaintiff believed the matter to be resolved at that point.

20. Yet, in or around December 2008, the plaintiff or its agent purchased, at retail, a 4-pack cloth napkin set bearing the Copyright.

21. A sample of the defendant's 2008 product appears as Figure 3:



**Figure 3:
Broder 2008 Cloth Napkins**

## FIRST COUNT FOR COPYRIGHT INFRINGEMENT

22. Plaintiff repeats and realleges its allegations, above.

23. Plaintiff has gone to great expense in producing and promoting the sale of fabrics bearing its Copyright.

24. Plaintiff's Copyright incorporates carefully prepared and fashionable color combinations, which color combinations have aided greatly in the sale of fabrics bearing the Copyright.

25. As a result of plaintiff's expenditure of money and skill in the promotion for sale of fabrics bearing plaintiff's Copyright, the design and fabrics have acquired a substantial market value in the trade.

26. Defendants have a design obviously copied from plaintiff's Copyright, which copy defendants have been offering and continue to offer for sale. The design printed on defendants' products is substantially similar to plaintiff's Copyright.

27. Defendants' infringing design is unmistakably copied from plaintiff's design.

28. Defendants' products when viewed by a consumer, would appear to be identical with a product of like style bearing plaintiff's Copyright.

29. Defendants, by their acts as aforesaid, have taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and have capitalized upon the market created for plaintiff's design.

30. By defendants' use of a design and color combination virtually identical with plaintiff's design and color combination, defendants have been and will continue to be able to pass off and sell their products as a substitute for the products sold by customers of plaintiff.

31. The aforesaid acts of defendants in copying plaintiff's design and color combination and selling copies of same constitutes inequitable conduct, unfair trade practices and unfair competition in that defendants have thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendants' products in competition with the plaintiff's sales of fabrics imprinted with the Copyright has caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendants continue to market the copied design.

32. Plaintiff has been damaged by the acts of defendants alleged herein in an amount not as yet known, but believed to be in excess of Two Hundred Thousand ($200,000.00) Dollars. The infringing activities of defendants are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

## SECOND COUNT

33. Plaintiff repeats and re-alleges the above paragraphs, as if fully set forth herein.

34. Defendants have been unjustly enriched and plaintiff is entitled to an accounting of defendant's profits, plaintiff's damages and the costs of the action, together with plaintiff's attorneys' fees.

35. Defendants' foregoing activities have damaged the plaintiff in an amount as yet unknown.

## THIRD COUNT FOR COMMON LAW UNFAIR COMPETITION

36. Plaintiff repeats and re-alleges the above paragraphs, as if fully set forth herein.

37. Defendants' distribution, sales and offers for sale of products bearing Benson's Copyrights constitute unfair competition under the common law of the State of New York.

38. Defendants' conduct has caused damage to Benson in an amount to be determined at trial, and unless restrained, will continue to seriously and irreparably damage Benson, for which there is no adequate remedy at law.

**WHEREFORE,** plaintiff demands:

A. That defendants, its officers, agents, servants, heirs, employees, successors, assigns, subsidiaries and affiliates, and all persons in privity with it, or any of them, be permanently enjoined from infringing the copyright of plaintiff in the Copyrights alleged herein, in any manner including, but not limited to, manufacturing or having manufactured for it, printing or having printed for it, reprinting or having reprinted for it, illustrating, publishing, displaying, vending, distributing, offering to sell, selling, shipping, importing, delivering, promoting, and/or advertising any copies of such works which are the subject of said copyright, including but not limited to an injunction against defendants from dealing in any goods sold with the copyrighted designs at issue herein, or causing and/or participating in such manufacturing, printing, reprinting, publishing, displaying, distributing, offering to sell, selling, shipping, importing, promoting, or advertising of copies of such work.

B. That defendants be required to deliver up for destruction all infringing copies of plaintiff's copyrighted items in its possession or under its control, and to deliver up for destruction all material implementing such infringing work.

C. That defendants be directed to file with this Court and serve upon plaintiff within thirty (30) days after service of the injunction demanded above, a report, in writing and under oath, setting forth in detail the manner and form in which defendants have complied with the injunction.

D. For an award of damages, including an accounting of defendants' profits, plaintiff's damages, compensatory and punitive damages, as are appropriate in view of the willful conduct on the part of defendants, in an amount to be determined at trial, but in no event less than $200,000.00.

E. For an award of plaintiff's costs in this action, including reasonable attorneys' fees and expenses.

F. For an award of such other relief that this Court may deem just and proper.

Dated:   New York, New York
         February 4, 2009

*[signature]*

Jeffrey Dweck (JD 6658)
THE LAW FIRM OF JEFFREY S. DWECK, P.C.
100 West 33rd Street, Suite 1017
New York, New York 10001
(212) 502-6150
Attorneys for Plaintiff
**Benson Mills Co., Inc.**

To:  **BRODER MANUFACTURING, INC.**          **MARTIN BRODER**
     566 Johnson Avenue                       566 Johnson Avenue
     Brooklyn, New York 11237                 Brooklyn, New York 11237
     718-366-1667
     Fax: 718-386-9671

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VAu 642-077

10-27-04

---

**1. Title of This Work:** HOLIDAY FRUIT
**Nature of This Work:** FABRIC DESIGN

**2. Name of Author:** BENSON MILLS CO., INC.
Work made for hire: Yes
Nationality: USA
Nature of Authorship: 2 Dimensional artwork

**3. Year in Which Creation of This Work Was Completed:** 2003

**4. Copyright Claimant(s):** BENSON MILLS CO., INC.
6813 20th Avenue
Brooklyn, NY 11204

APPLICATION RECEIVED OCT 27 2004
ONE DEPOSIT RECEIVED OCT 27 2004
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

| EXAMINED BY ✎ | FORM VA |
| --- | --- |
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work, as shown by space 6 on this application
If your answer is "Yes," give: **Previous Registration Number** ▼      **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates ▼

None

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed ▼

**6**
a
b
See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼      **Account Number** ▼

**7**
a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Rafael Levy / Benson Mills / 6813 20th Avenue / Brooklyn / NY / 11204

Area code and daytime telephone number (718) 236-6743      Fax number (718) 236-6736
Email bensonmills@aol.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▶ ☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Rafael Levy      Date 10/24/04

Handwritten signature (X) ▼
X _____

**8**

| Certificate will be mailed in window envelope to this address | Name ▼ BENSON MILLS CO, INC |
| --- | --- |
| | Number/Street/Apt ▼ 6813 20th Avenue |
| | City/State/ZIP ▼ Brooklyn, NY 11204 |

Complete all necessary spaces
Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue SE
Washington DC 20559-6000

**9**

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.