THE LAW FIRM OF JEFFREY S. DWECK, P.C.
Jeffrey S. Dweck, Esq. (JD-6658)
100 West 33rd Street – Suite 1017
New York, New York 10001
212-502-6150

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 0 6 2008 ★
BROOKLYN OFFICE

BENSON MILLS CO., INC.,

                Plaintiff,

-against-

BRODER MFG. INC. and MARTIN BRODER,

                Defendants.

Case No. 09 CIV 533 (ILG, RLM)

(Hon. I. Leo Glasser, J.)
(Hon. Roanne L. Mann, M.J.)

**DEFAULT JUDGMENT**

The summons and complaint in this action having been duly served on the above-named defendants on April 27, 2009 and April 7, 2009, respectively, and said defendants having failed to plead or otherwise defend in this action, and said default having been duly noted, and upon the annexed declaration of default judgment.

NOW, on motion of The Law Firm Of Jeffrey S. Dweck, P.C., the attorney for the plaintiff, it is hereby

ORDERED and ADJUDGED that , the plaintiff, does recover of **BRODER MFG. INC. and MARTIN BRODER**, the defendants, residing at 566 Johnson Avenue, Brooklyn, New York 11237 and/or at 310 Madison Avenue, Suite 1513, New York, New York 10017, the sum of $150,000.00 ,the amount claimed, plus interest in the sum of $0., with $ _____ costs and disbursements, and attorney fees in the sum of $5,000.00, amount in all to the sum of $ _200,000._ , plus interest at the legal rate in effect on the date of this judgment; and, that the plaintiff have execution therefor

IT IS FURTHER ORDERED AND ADJUDGED:

    A.    that defendants, their officers, agents, servants, heirs, employees, successors, assigns, subsidiaries and affiliates, and all persons in privity with them, or any of them, be permanently enjoined from infringing the copyright of plaintiff described in the

Complaint, in any manner including, but not limited to, manufacturing or having manufactured for it, printing or having printed for it, reprinting or having reprinted for it, illustrating, publishing, displaying, vending, distributing, offering to sell, selling, shipping, importing, delivering, promoting, and/or advertising any copies of such works which are the subject of said copyright, including but not limited to an injunction against defendants from dealing in any goods sold with the copyrighted designs at issue herein, or causing and/or participating in such manufacturing, printing, reprinting, publishing, displaying, distributing, offering to sell, selling, shipping, importing, promoting, or advertising of copies of such work.

B.  that defendants be required to deliver up for destruction all infringing copies of plaintiff's copyrighted items in its possession or under its control, and to deliver up for destruction all material implementing such infringing work.

C.  that defendants be directed to file with this Court and serve upon plaintiff within thirty (30) days after service of the injunction demanded above, a report, in writing and under oath, setting forth in detail the manner and form in which defendants have complied with the injunction.

Dated:  ~~New York,~~ New York
        ~~September~~ ___, 2009
        October 7

By: _____

U.S.D.J.